**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **MATTHEW J. DONOVAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. _____** |
| | ) | |
| **DAVID P. STEINER,** | ) | |
| **Postmaster General,** | ) | |
| **United States Postal Service,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**COMPLAINT AND JURY DEMAND**
**(With Jury Demand Endorsed Hereon)**

Plaintiff Matthew J. Donovan, for his Complaint against Defendant David P. Steiner, Postmaster General, United States Postal Service, alleges as follows:

**A.      Nature of the Action**

1.      This is an action for employment discrimination, failure to provide reasonable accommodation, retaliation, and wrongful removal in violation of Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 et seq., and the anti-retaliation provisions incorporated through federal-sector EEO law.

2.      Plaintiff seeks relief arising from Defendant's discriminatory and retaliatory actions, including the denial of reasonable accommodation, the charging of disability-related absences as unscheduled or unauthorized, and the issuance of a Notice of Removal dated February 23, 2024.

3.      Plaintiff further seeks review and redress following the Postal Service's final agency action dated March 19, 2026, which adopted an EEOC Administrative Judge's decision finding no discrimination.

1

**B.    Jurisdiction and Venue**

4.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 2000e-16(c), as incorporated and applied through the Rehabilitation Act.

5.    This Court has authority to award declaratory, injunctive, equitable, and monetary relief under the Rehabilitation Act and applicable federal law.

6.    Venue is proper in the District of Massachusetts under 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices complained of occurred in Massachusetts, Plaintiff worked in Massachusetts, and relevant employment records are maintained in this District.

**C.    Parties**

7.    Plaintiff Matthew J. Donovan is an individual residing in Hyde Park, Massachusetts.  At all relevant times, Plaintiff was an employee of the United States Postal Service.

8.    Defendant David P. Steiner is the Postmaster General of the United States Postal Service and is sued solely in his official capacity as the head of the agency.

**D.    Administrative Exhaustion and Timeliness**

9.    Plaintiff timely pursued administrative remedies through the federal-sector EEO process.

10.    Plaintiff filed an EEO complaint identified as Agency Case No. 4B-020-0063-24 and EEOC Case No. 520-2025-00070X.

11.    On or about February 20, 2026, an EEOC Administrative Judge issued a decision granting the Agency's motion for summary judgment and entering a finding of no discrimination.

12.    On March 19, 2026, the Postal Service issued its Notice of Final Action adopting the Administrative Judge's decision.  A true copy of the Notice of Final Action is attached herewith as **Exhibit A** and incorporated by reference.

13.     The Notice of Final Action advised Plaintiff of his right to file a civil action in an appropriate United States District Court within 90 calendar days of receipt of the final decision.

14.     This action is timely filed within 90 days of Plaintiff's receipt of the Notice of Final Action.

### E.    Factual Allegations

15.     Plaintiff has a mental disability, including chronic anxiety disorder, of which Defendant had knowledge or should have had knowledge through Plaintiff's employment history, prior accommodation history, medical documentation, requests for accommodation, and related communications.

16.     Plaintiff also engaged in prior protected EEO activity before the events at issue.

17.     Effective June 17, 2023, Plaintiff was reassigned to a vacant Laborer Custodial position at the Brockton, Massachusetts Post Office as part of a purported reasonable accommodation process.

18.     Following that reassignment, Defendant treated Plaintiff's absences as unscheduled, unauthorized, or AWOL rather than engaging in an appropriate interactive process and providing effective reasonable accommodation.

19.     From on or about June 17, 2023 through February 23, 2024, Defendant denied Plaintiff reasonable accommodation relating to his disability and need for leave, schedule adjustment, communication, reassignment support, or other effective accommodation.

20.     On February 23, 2024, Defendant issued Plaintiff a Notice of Removal for failure to be regular in attendance.

21.     Defendant's handling of Plaintiff's attendance and removal failed to reasonably accommodate Plaintiff's disability and failed to account for disability-related limitations and circumstances.

22.     Defendant failed to engage in a good-faith interactive process with Plaintiff regarding accommodations that would have enabled him to remain employed.

23.     Defendant's stated reasons for treating Plaintiff's absences as misconduct and for removing him were pretextual, selectively applied, insufficiently investigated, infected by discriminatory and retaliatory motive, and contrary to Defendant's obligations under federal anti-discrimination law.

24.      Defendant knew of Plaintiff's disability, record of impairment, need for accommodation, and prior protected EEO activity through agency records, management communications, prior accommodation proceedings, prior EEO matters, and the circumstances of Plaintiff's reassignment.

25.     To the extent Defendant claims the relevant Brockton management officials lacked knowledge, Defendant is liable because agency knowledge existed, the accommodation and reassignment process itself put the agency on notice, and the agency cannot evade its obligations by siloing information among decisionmakers.

26.     Defendant failed to consider reasonable accommodations short of removal, including protected leave handling, approved leave, modified attendance treatment, additional interactive process, reassignment support, delayed reporting arrangements, or other accommodations appropriate to Plaintiff's disability.

27.     Defendant treated Plaintiff less favorably than similarly situated employees and/or subjected Plaintiff to materially adverse treatment under circumstances giving rise to an inference of discrimination and retaliation.

28.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of employment, loss of wages and benefits, emotional distress, humiliation, inconvenience, and other compensable damages.

## Count I – Disability Discrimination and Failure to Accommodate in Violation of the Rehabilitation Act

29.     Plaintiff repeats and realleges paragraphs 1 through 28 as if fully set forth herein.

30.     Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act, had a record of disability, and/or was regarded as disabled.

31.     Plaintiff was qualified to perform the essential functions of his position with reasonable accommodation.

32.     Defendant knew or should have known of Plaintiff's disability and need for accommodation.

33.     Defendant failed to provide reasonable accommodation.

34.     Defendant failed to engage in the interactive process in good faith.

35.     Defendant discriminated against Plaintiff because of disability by, among other things, charging disability-related absences as unscheduled or unauthorized and removing him from employment.

36.     Defendant's conduct violated the Rehabilitation Act.

## Count II – Retaliation

37.     Plaintiff repeats and realleges paragraphs 1 through 36 as if fully set forth herein.

38.     Plaintiff engaged in protected EEO activity before the challenged actions.

5

39.     Defendant knew of Plaintiff's protected activity or acted through officials whose knowledge is imputable to the agency.

40.     Defendant subjected Plaintiff to materially adverse actions, including denial of accommodation, adverse attendance treatment, and removal.

41.     Plaintiff's protected activity was a motivating factor in Defendant's actions.

42.     Defendant's conduct constituted unlawful retaliation.

**Count III – Unlawful Removal / Discriminatory Terms and Conditions**

43.     Plaintiff repeats and realleges paragraphs 1 through 42 as if fully set forth herein.

44.     Defendant subjected Plaintiff to discriminatory terms, conditions, and privileges of employment on the basis of disability and in retaliation for protected activity.

45.     Plaintiff's removal was the culmination of Defendant's discriminatory and retaliatory conduct and was not lawfully justified under the Rehabilitation Act.

        **WHEREFORE**, Plaintiff respectfully requests that this Court:

A.      Declare that Defendant violated the Rehabilitation Act and federal anti-retaliation law;

B.      Vacate and set aside Plaintiff's removal and related adverse actions to the extent permitted by law;

C.      Order Defendant to reinstate Plaintiff to his position, or a substantially equivalent position, with appropriate seniority, status, and benefits;

D.      Award back pay, front pay where appropriate, lost benefits, prejudgment interest, and all other equitable monetary relief available by law;

E.      Award compensatory damages to the fullest extent permitted by law;

F.      Order Defendant to expunge or correct adverse personnel records relating to the challenged actions;

G.    Award Plaintiff his costs and reasonable attorney's fees to the extent permitted by law;

and

H.    Grant such other and further relief as the Court deems just and proper.

### Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

MATTHEW J. DONOVAN

By his attorney

/s/RICHARD B. REILING
RICHARD B. REILING, ESQ.
BBO # 629203
BOTTONE | REILING
63 Atlantic Ave., 3rd Floor
Boston, MA 02110
Phone:      (617) 412-4291
Facsimile:  (617) 412-4406
E-Mail:     richard@bottonereiling.com